UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| MARK EDWARD McGRATH, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 13-70-DLB |
| v. ) | |
| ) | |
| SHANNON WITHERS, *Acting Warden*, ) | |
| ) | **MEMORANDUM OPINION** |
| Respondent. ) | **AND ORDER** |
| ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Mark Edward McGrath is an inmate confined in the United States Penitentiary ("USP") -McCreary in Pine Knot, Kentucky. McGrath has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. [R. 1] McGrath has also filed a motion seeking an emergency hearing on his claims. [R. 2]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates McGrath's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts McGrath's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the habeas petition, the Court must deny it because McGrath cannot pursue his claims in a habeas corpus proceeding under § 2241.

## McGRATH'S CRIMINAL CONVICTION AND
## PRIOR COLLATERAL CHALLENGES

In 1995, a federal jury in Idaho found Mark Edward McGrath and Stephen Wayne Atcheson guilty of Counts 1-15 of an indictment charging them conspiracy to commit robbery, attempted robbery, extortion, attempted extortion in violation of the Hobbs Act, violating the Travel Act, using a firearm during a crime of violence, possessing an unregistered firearm, and being felons in possession of firearms. *United States v. McGrath*, No. CR95-15-E-ELJ (D. Idaho 1995). McGrath received a 660-month prison sentence. [R. 161, 164, therein] McGrath appealed but the Court of Appeals for the Ninth Circuit affirmed the convictions and sentences, except for a limited remand to re-sentence McGrath on Counts 11 and 12. *United States v. Atcheson*, 94 F.3d 1237 (9th Cir. 1996)  On February 27, 1997 the sentencing court entered an Amended Judgment reducing McGrath's prison term to 480 month. [R. 199, therein] McGrath filed a second notice of appeal, which he voluntarily dismissed. [R. 203, therein]

In December 1996, McGrath filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 192, therein] In March 1997, the sentencing court granted the United States' motion to dismiss that § 2255 motion without prejudice [R. 204, therein] and on January 13, 1998, McGrath filed a second  § 2255 motion. [R. 223, therein] Because the filing of the second § 2255 motion predated the advent of the federal court's electronic online PACER database system, this Court can not electronically access McGrath's second § 2255 motion to ascertain what legal arguments he asserted therein, but the docket sheet reflects that both parties fully briefed their positions and that litigation ensued for over a year. [R. 224-239, therein] On June 25, 1999, the sentencing court

denied McGrath's second § 2255 motion, which the Court also cannot electronically access. [R. 241, therein] On appeal, the Ninth Circuit affirmed the denial of the certificate of appealability. [R. 248, therein]

In February 2003, McGrath filed another motion to vacate, as well as a motion and related pleadings asking the sentencing court to consider a second or successive § 2255 motion without requiring him to obtain prior permission from the Ninth Circuit. [R. 249-254 therein] McGrath alleged that his constitutional rights had been violated during his criminal trial because he had received ineffective assistance of counsel during his criminal proceeding and on direct appeal, and that the sentencing court had denied him access to his various legal documents and witnesses, and had improperly refused his requests for continuances. [R. 252, therein]

On March 25, 2003, the sentencing court denied both motions because McGrath had not obtained the Ninth Circuit's permission to file a successive § 2255 motion. [R. 256, 257 therein] McGrath appealed, which the Ninth Circuit subsequently construed as a request to file a successive § 2255 motion and denied. [R. 258, therein] The appellate court determined that McGrath had neither offered newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty nor pointed to a new rule of constitutional law previously unavailable and made retroactively applicable the Supreme Court. [*Id*., p. 1]

Undeterred, on January 21, 2005, McGrath filed document entitled "Motion for Extension of Time" in which to file a petition for writ of habeas corpus under 28 U.S.C. § 2241. [R. 259, therein] On May 12, 2005, the sentencing court denied that motion, stating:

> Having reviewed the record in this matter the Court again concludes that Mr. McGrath's arguments have been fully and finally determined by this Court and the

> Ninth Circuit several times. The instant motion does not present a basis upon which the Court can grant the motion either as a motion to reconsider the previous order or as a motion to proceed by way of 28 U.S.C. § 2241. Quite simply, Mr. McGrath's argument have been heard, considered, and decided.

[R. 260, therein]

McGrath then requested a certificate of appealability [R. 261, therein], which the sentencing court denied on February 7, 2006. [R. 263, therein] Discussing McGrath's continued efforts to collaterally challenge his conviction and sentence either through § 2255 or § 2241, the court stated:

> Respectfully, the Court finds Petitioner's arguments unpersuasive. This Court and the Ninth Circuit have previously denied Mr. McGrath's requests for a certificate of appealability regarding his successive § 2255 motion. This new attempt to characterize his motion as being pursuant to § 2241, instead of § 2255 is meritless. Additionally, Petitioner does not set forth any new arguments to support the granting of a certificate of appealability.
>
> . . . .
>
> A federal prisoner authorized to seek relief under § 2255 may not petition for habeas corpus relief pursuant to § 2241 "if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner has already had a § 2255 motion heard by this Court and is not entitled to another bite at the apple via § 2241.
>
> The Court finds Petitioner has made no credible showing or any new arguments as to why this Court's ruling denying the successive § 2255 motion or the motion for reconsideration of the denial of the successive § 2255 motion is debatable. Nor can Petitioner make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability cannot issue, and the Court finds it appropriate to deny Petitioner's request.

[*Id.*]

On August 1, 2012, McGrath filed another action in federal court in Idaho, again seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *McGrath v. Holland*, No. 1:12-CV-388-EJL (D. Idaho 2012). In the Idaho Petition, McGrath repeatedly made inexplicable references to

commercial transactions and the Uniform Commercial Code, rendering his legal arguments difficult to follow in several passages. [R. 1, therein]

Despite McGrath's confusing presentation, he asserted the following claims challenging his criminal conviction and sentence: (1) that was being held by reason of a Judgment obtained "[in] violation of Article 1 & 9 Bill [of] Attainder;" (2) that the sentencing judge lacked jurisdiction to preside over his criminal proceeding and make findings of fact relevant to his sentence; (3) that the federal prosecutor lacked authority to prosecute him; (4) that his sentence violated his Sixth Amendment rights because the judge, not the jury, made findings of fact pertaining to his sentence; (5) that the law libraries located in the Bureau of Prisons' facilities were inadequate, thus ". . . making the government party Superior to the unfairness and denial to equal access to the law;" (6) that the presiding judge and the prosecutor in his federal criminal proceeding concealed unspecified information from him and engaged in various acts of "fraud;" (7) that the government failed to present sufficient proof to warrant his conviction; (8) that he had generally been denied due process of law during his criminal proceeding, and that all of the orders entered in that proceeding, including the Criminal Judgment, were void; (9) that the sentencing judge had violated his right to due process of law by denying his original § 2255 motion, and (10) that both the presiding judge and the appellate court had denied him due process of law by refusing to allow him to file successive § 2255 motions. [*Id.*, pp. 2-6, therein]

On November 13, 2012, the district court denied the Idaho Petition and dismissed the proceeding. [R. 12 therein] At the outset, the court determined that because McGrath was not confined in Idaho, it lacked jurisdiction to consider either his claims challenging his confinement under § 2241 or his claims challenging the sufficiency of the prison law library. [*Id.*, pp. 2-3]

Moreover, the court concluded that to the extent McGrath was actually challenging his conviction and sentence under § 2255, it lacked jurisdiction to adjudicate such claims absent an order from the appellate court permitting McGrath to file a successive § 2255 motion. [*Id*., p. 3]

Finally, the court concluded that even if it evaluated McGrath's claims under § 2241, McGrath failed to demonstrate that his remedy in the sentencing court under § 2255 had been inadequate or ineffective to challenge his conviction and sentence, noting that under the Ninth Circuit's established case law, the unavailability of a second or successive petition does not alone render § 2255 inadequate or ineffective. [*Id*., pp. 3-4] That said, the court clearly stated that it was denying McGrath's petition because it lacked jurisdiction to consider the merits of his claims under either § 2241 or § 2255. [*Id*., p. 4].

## CLAIMS ASSERTED IN THIS § 2241 PROCEEDING

On April 2, 2013, McGrath filed the instant petition seeking a writ of habeas corpus [R. 1], asserting the same due process claims challenging his federal conviction and sentence made in the Idaho Petition. [R. 1; R. 1-4][1] In an attachment to his current § 2241 petition, McGrath argues at length that his original § 2255 motion was inadequate to challenge his conviction and sentence; that the refusal of both the sentencing court and the Ninth Circuit to allow him to file successive § 2255 motions attacking his conviction and sentence has denied him due process of law; and that he is actually innocent of the offenses of which he was convicted. [R. 1-2] McGrath seeks an order nullifying his conviction and setting aside the 480-month sentence which he is currently serving.

---

[1] As he did in the Idaho Petition, McGrath invokes inapplicable commercial terms, repeatedly refer to provisions of the Uniform Commercial Code, and identifies himself as a "secured party."

## DISCUSSION

McGrath is not challenging the execution of his sentence, which falls under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991). Instead, McGrath continues to challenge the constitutionality of his underlying federal convictions and sentence on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge; § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) (stating that a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004) (same). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

As previously noted, this Court does not have electronic access either to McGrath's second § 2255 motion or the sentencing court's order denying that motion, but such access is not necessary to conclude that McGrath's Fifth Amendment claims alleging the denial of due process of law do not fall within the exception set forth in § 2255. In his current § 2241 petition, McGrath continues to challenge the constitutionality of his convictions, alleging that the Idaho federal authorities lacked subject matter jurisdiction to arrest and prosecute him on numerous federal offenses; that the Idaho federal judge lacked authority to preside over his criminal proceeding and impose a prison sentence on him; that the Criminal Judgment and other orders in his criminal proceeding were "void;" that the Indictment was defective and/or that he was improperly charged with violating federal offenses; that his conviction was the result of an illegal bill of attainder; that the prosecutor engaged in fraudulent actions during his criminal proceeding; and that he was denied due process during all aspects of his criminal proceeding. However, the factual bases of all of these claims either were or should have been known to McGrath during his criminal proceeding, when he filed his direct appeal, or, at the very latest, when he filed his second §2255 in the sentencing court. None of these allegations are premised on newly discovered facts or information. Therefore, McGrath could and

should have asserted all of these Fifth Amendment claims at trial,[2] on direct appeal of his conviction, or at the latest, when he filed his second § 2255 motion.

The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *Charles*, 180 F.3d at 756; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, No. 4:09-cv-2759, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). Regardless of whether McGrath raised his various Fifth Amendment claims in his second § 2255 motion and lost, or whether he failed to raise these claims in that § 2255 motion, the result is the same in this proceeding. Under *Charles*, McGrath can not use § 2241 as a vehicle merely to assert Fifth Amendment claims which he could have asserted but failed to assert in his second § 2255, or to assert claims which he did assert in his second § 2255 motion, but which the sentencing court rejected. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758.

As the sentencing court explained in denying one of McGrath's requests for a certificate of appealability, McGrath has had more than one bite at the apple on this various Fifth Amendment

---

[2] On direct appeal of his conviction and sentence, McGrath unsuccessfully raised at least one of the claims which he now asserts in this § 2241 proceeding. McGrath argued that the sentencing court lacked jurisdiction under the Hobbs Act, claiming that the government did not demonstrate a sufficient connection between his and his co-defendant's actions and interstate commerce. *United States v. Atcheson*, 94 F. 3d at 1240-41. The Ninth Circuit rejected that argument, concluding that the government established that the activities in which McGrath and his co-defendant were involved directly impacted interstate commerce and had at least a *de minimis* impact on interstate commerce, *id*., at 1242-44, and that the sentencing court had properly instructed the jury on the Hobbs Act charge, *id*., at 1243-44. McGrath also argued on direct appeal that the sentencing court improperly imposed consecutive sentences on the Hobbs Act and firearm violations, but the court rejected that claim as without merit, stating, "We have made it clear that sentences for multiple convictions under [18 U.S.C.] § 924(c) must run consecutively to each other as well as to 'any other term of imprisonment.'" *Id*. at 1246 (citations omitted).

/prosecutorial misconduct claims, and the Ninth Circuit has repeatedly refused to allow McGrath to file successive § 2255 motions raising these very claims. In his § 2241 petition, McGrath continues to allege that the sentencing court and the Ninth Circuit violated his due process rights by denying his requests to file successive § 2255 motions, but his claim lacks merit because the fact that a petitioner has been denied permission to file successive § 2255 motions does mean that his remedy under § 2255 was inadequate or ineffective to challenge his federal conviction. *See Scruggs v. Snyder*, 41 F. App'x 829, 830 (6th Cir. 2002) ("[N]either the denials of his § 2255 petition nor his requests to file second or successive motions to vacate render the remedy under § 2255 inadequate or ineffective.").

The fact that McGrath has been unsuccessful on direct appeal, in his § 2255 motion, and in subsequent proceedings seeking permission to file successive § 2255 motions, does not entitle him to relief under § 2241. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available [mechanism] to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *See*

*Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003) (discussing *Bailey*); *United States v. Peterman*, 249 F.3d. 458, 462 (6th Cir. 2001) (same).

McGrath alleges that the government's evidence against him was insufficient and/or that the government failed to prove its case against him, statements which the Court broadly construes as a claim of actual innocence. However, as discussed, the Ninth Circuit determined that the government presented proof at trial which adequately supported McGrath's Hobbs Act conviction, and a federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999).

Further, McGrath does not point to a new rule of law made retroactive by the Supreme Court which would support his claims. As he did in the Idaho Petition, McGrath continues to challenge his conviction under *United States v. Booker*, in which the Supreme Court held that any fact (other than a prior conviction) that is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. 543 U.S. 220, at 248-50. The Idaho district court did not directly address McGrath's *Booker* claim, but this Court will. McGrath states no claim for relief based on *Booker* because the Sixth Circuit has determined that *Booker* is not applicable on collateral review. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005) (holding that *Booker*'s rule does not apply retroactively in collateral proceedings).

Finally, as he did in the Idaho Petition, McGrath broadly alleges that all Bureau of Prisons ' law libraries are inadequate, and thus place federal inmates at a disadvantage. McGrath may not, however, assert constitutional claims challenging the conditions of his confinement in § 2241 habeas

corpus proceedings. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). If McGrath intends to assert a specific complaint about the law library at USP-McCreary, he must exhaust that claim through all of the Bureau's administrative levels, then file a civil rights action pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The filing fee for such an action is $350.00, although McGrath may seek pauper status and ask to pay that fee in installments.

In summary, the burden is on the § 2241 petitioner to establish that the remedy under § 2255 was inadequate or ineffective. McGrath has neither carried his burden of showing that as to any of Fifth and Sixth Amendment claims, his remedy under § 2255 was an inadequate to challenge his federal conviction, nor established a claim of actual innocence. For these reasons, McGrath has not demonstrated that he is entitled to relief from his conviction and sentence under § 2241. McGrath's habeas petition will be denied; his motion seeking an emergency hearing will be denied as moot; and this proceeding will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall substitute Shannon Withers as the Respondent in this proceeding in place of "Chris Holland;"

2. The 28 U.S.C. § 2241 petition for a writ of habeas corpus filed by Mark Edward McGrath [R. 1] is **DENIED**;

3. McGrath's motion seeking an emergency hearing [R. 2] is **DENIED** as **MOOT**;

4. The Court will enter an appropriate judgment; and

5. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 12th day of June, 2013



G:\DATA\Opinions\London\13-70 MOO Denying Petition for HC.wpd